UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHAD WILLIAM REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-672-J |
| | ) |
| OKLAHOMA ATTORNEY GENERAL | ) |
| GENTNER DRUMMOND, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

Plaintiff, appearing pro se, filed a Complaint [Doc. No. 1] and the matter was referred to United States Magistrate Judge Amanda L. Maxfield consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Maxfield has screened the Complaint and recommends that it be dismissed as premature under *Heck v. Humphrey*, 512 U.S. 477 (1994), which generally prohibits an individual from recovering damages or obtaining injunctive relief in a civil rights action for an allegedly unlawful confinement where there has not been a favorable termination of the criminal action on appeal or in a collateral action. *See* (Rep. & Rec.) [Doc. No. 14]. Plaintiff has objected (Pl.'s Obj.) [Doc. No. 15], triggering de novo review.

For the reasons discussed below, the Report and Recommendation is ADOPTED and Plaintiff's Complaint is DISMISSED without prejudice.

## I. Relevant Background

In 2008, a jury in McCurtain County District Court convicted Plaintiff of first-degree murder and he was sentenced to life imprisonment. His subsequent appeal to the Oklahoma Court of Criminal Appeals (OCCA) was affirmed. Thereafter, Plaintiff unsuccessfully sought post-conviction relief, and the OCCA and United States Supreme Court denied his appeals. Plaintiff

then sought relief under 28 U.S.C. § 2254, which the district court denied both on the merits and on procedural grounds. The Tenth Circuit denied Plaintiff's subsequent request for a certificate of appealability.

In October 2024, Plaintiff petitioned for a writ of certiorari in the United States Supreme Court. That petition was denied on January 13, 2025.

## II.     Plaintiff's Claims

Relevant here, Plaintiff alleges that the State relied on perjured testimony from Patricia Hollingsworth and Wyva Clouse to obtain his conviction in violation of *Napue v. People of State of Ill.*, 30 U.S. 264 (1959) and that Oklahoma Attorney General Gentner Drummond violated Plaintiff's Fourteenth Amendment rights when he refused to correct the record during Plaintiff's 2024 writ of certiorari petition. *See* Compl. at 2-3, 5-6;[1] *see also Glossip v. Oklahoma*, 604 U.S. 226, 252 (2025) (holding that "the Due Process Clause imposes the responsibility and duty to correct false testimony [under *Napue*] on representatives of the State, not on defense counsel" (cleaned up)). As a remedy, Plaintiff asks the Court to order Defendant Drummond and Oklahoma Indigent Defense System Director Tim Laughlin, in their official capacities, to "go to the court together and obtain a new trial" "for the *Napue* Due Process violation." Compl. at 11. Plaintiff also asks that Defendant Drummond "assume prosecution." *Id.* at 12.

---

[1] Plaintiff also claims that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963) when it failed to turn over evidence that would have shown the witnesses' testimony to be perjured and suggests an equal protection violation on grounds that Defendant Drummond attempted to cure the *Napue* violation in Richard Glossip's case but not his own. *See* Compl. at 10-11.

### III.     Judge Maxfield's Recommendation

Judge Maxfield screened the Complaint and found that any decision in Plaintiff's favor would necessarily imply the invalidity of his 2008 conviction and thus his claims were premature under *Heck*.  *See* Rep. & Rec. at 6-8.  Plaintiff objects, citing *Cohen v. Longshore*, 621 F.3d 1311 (10th Cir. 2010) for the proposition that when a party lacks a habeas remedy, he is not barred by *Heck*.  *Id.* at 1317.  Plaintiff's reliance on *Cohen* is misplaced.

In *Cohen*, the plaintiff raised two allegations in a civil rights complaint: false imprisonment and denial of access to the courts.  *See id.* at 1315.  The district court found that *Heck* would bar his claims because the plaintiff had not already "invalidated his imprisonment;" however, the plaintiff's transfer out of custody mooted any potential for habeas relief.  *Id.*  In a case of first impression, the Tenth Circuit held that a plaintiff "who has no available remedy in habeas, through no lack of diligence on his part, is not barred by *Heck* from pursuing a § 1983 claim." *Id.* at 1317.

Unlike in *Cohen*, however, Plaintiff still has an available remedy.  That is, the paramount allegation before this Court is that Defendant Drummond violated Plaintiff's constitutional rights when he failed to correct the alleged *Napue* errors during Plaintiff's 2024 writ of certiorari suit. *See* Compl., *passim*; *see also Smith v. Roberts*, 115 F.3d 818, 820 (10th Cir. 1997) ("We also agree . . . that the duty to disclose [false testimony] is ongoing and extends to all stages of the judicial process.").  And because that alleged violation did not occur until late 2024 and has not been raised in a prior court challenge, Plaintiff could seek relief through the Oklahoma Post-Conviction Procedure Act, *see* Okla. Stat. tit. 22, § 1080 *et seq.*, and/or move for authorization from the Tenth Circuit Court of Appeals to file a second or successive petition raising the constitutional claim identified in this action.  *See* 28 U.S.C. § 2244(2)(B)(i), (ii).  As such, *Cohen* does not apply here. *See Dutton v. City of Midwest City*, No. CIV-13-0911-HE, 2014 WL 348982, at *3 (W.D. Okla.

Jan. 31, 2014) (finding that *Cohen* did not apply where the plaintiff has "available means . . . under state law for challenging the conviction"); *McFadden v. City of Midwest City*, No. CIV-12-1419-HE, 2014 WL 798013, at *2 (W.D. Okla. Feb. 27, 2014) (same); *Marshall v. Lombardi*, No. 13-CV-484-SPF-PJC, 2013 WL 5223507, at *3 (N.D. Okla. Sept. 16, 2013) (suggesting that *Cohen* did not prevent *Heck's* application due to the availability of a request for permission to file a second or successive petition but denying plaintiff's claims on the merits without deciding).

**IV.     Conclusion**

Having concluded, on de novo review, that *Cohen* does not apply in this situation and that Plaintiff's claims are premature under *Heck*, the Court ADOPTS Judge Maxfield's Report and Recommendation [Doc. No. 14] and DISMISSES Plaintiff's Complaint [Doc. No. 1] without prejudice.

A separate judgment will issue.

IT IS SO ORDERED this 24th day of October, 2025.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE